Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3956 | **DATE** | 8/9/2000 |
| **CASE TITLE** | Margaret Gall vs. Liberty Mutual Insurance Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to remand to the Circuit Court of Cook County [6-1] is denied. Status hearing set for 8/16/00 will stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 10 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| RO | courtroom deputy's initials | 00 AUG -9 PM 2: 43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARGARET GALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 3956 |
| v. ) | |
| ) | Judge Ruben Castillo |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY AND GRE INSURANCE ) | |
| GROUP, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 1 0 2000

## MEMORANDUM OPINION AND ORDER

Defendant Liberty Mutual Insurance Company, ("Liberty"), removed this action from the Circuit Court of Cook County asserting that Plaintiff Margaret Gall's contract claim relates to a severance plan governed by ERISA and, thus, states a federal cause of action.[1] Gall now moves to remand the action, claiming that she is alleging only a state contract claim and not an action under ERISA. Alternatively, Gall argues that the case should be remanded because the state court has concurrent jurisdiction. We find that removal was proper and deny Gall's motion to remand.

## RELEVANT FACTS

Liberty Insurance Group, a subsidiary of Liberty, employed Gall as a Vice President and General Manager. Liberty had a written severance policy for executives at the level of Vice

---

[1] Liberty states that it is the sole defendant in this case, and Gall has erroneously included GRE Insurance Group as a defendant. Liberty explains that "GRE Insurance Group is only a name given to a group of affiliated companies and is not a corporation or any other legal entity subject to suit or service." (R. 1, Def.'s Notice of Removal at 1 n.1.) Because Gall does not contest Liberty's assertion, we will dismiss GRE Insurance Group as a defendant in this action.



President, which covered Gall. (R. 8, Defs.' Resp. to Mot. to Remand at 2.) Under the policy, qualified employees were entitled to severance pay upon an "Event of Termination," which could include an individual's terminating her employment with the company for "Good Reason." (R. 1, Notice of Removal, Ex. 1, Compl., Ex. A, Severance Policy.) "Good Reason" is defined, *inter alia*, as a reduction in compensation or other material benefit. (*Id.*) Following what Gall characterizes as a "decrease in benefits," she resigned and requested her benefits under the severance agreement. (R. 1, Notice of Removal, Ex. 1, Compl., Ex. B, Gall resignation letter.) When Liberty refused to compensate Gall according to the severance agreement, she filed suit in the Circuit Court of Cook County, alleging breach of contract. Liberty timely removed the action, and Gall now seeks to remand the case back to state court.

## ANALYSIS

### A. Severance Plan is governed by ERISA

ERISA covers "employee benefit plans," which it defines as plans that are either "an employee welfare benefit plan" or "an employee pension benefit plan," or both. 29 U.S.C. § 1002(3). An "employee welfare benefit plan" includes "any benefit described in section 186(c) of [Title 29]." 29 U.S.C. § 1002(1). Section 186(c) specifically encompasses severance benefits. Thus, the severance plan at issue in this case is governed by ERISA. *See Massachusetts v. Morash*, 490 U.S. 107, 116 (1989) ("plans to pay employees severance benefits, which are payable only upon termination of employment, are employee welfare benefit plans within the meaning of [ERISA]"); *UIU Severance Pay Trust Fund v. Local Union No. 18-U*, 998 F.2d 509, 510 (7th Cir. 1993) ("severance benefit plans are employee welfare benefit plans" subject to ERISA).

2

## B. State Claims are Preempted by ERISA

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). A state law "may 'relate to' a benefit plan, and thereby be preempted even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Anglin v. Sears, Roebuck and Co.*, No. 93 C 3438, 1993 WL 437430, at *2 (N.D. Ill. Oct. 27, 1993) (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)).

In this case, a decision on Gall's state contract claim would necessarily require assessing whether she should be paid benefits pursuant to the severance policy. Because an inquiry into the award of severance benefits would be directed at interpreting benefit plan provisions, Gall's cause of action for breach of contract "relates to" a benefit plan and is therefore preempted by ERISA. *See Anglin*, 1993 WL 437430, at *3 ("Any state law claim which requires a court to determine whether any benefits are paid and which directly affects the administration of benefits under the plan would be preempted by ERISA.") (citations omitted); *Murphy v. McDonald's Corp.*, No. 85 C 7634, 1986 WL 4709, at *2 (N.D. Ill. April 14, 1986) ("The common law protection of contract rights relates to an ERISA plan when the contract which has allegedly been breached is an ERISA plan.") (citations omitted).

We recognize that Gall's complaint, on its face, does not mention ERISA. However, Congress may so completely preempt a particular area, as with ERISA, that any civil complaint raising that group of claims is "necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Thus, because Gall's state law claim actually is federal in

3

character, the suit arises under the laws of the United States and is removable to federal court by Liberty. Moreover, because Gall is a beneficiary seeking to recover benefits from an ERISA plan, her state contract claim is displaced by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), "which provides an exclusive federal cause of action for resolution of such disputes." *Metropolitan Life*, 481 U.S. at 62-63.

**C. Concurrent Jurisdiction**

Gall also argues that this case should be remanded because state and federal courts have concurrent jurisdiction over this matter; thus, she argues, the state court could properly hear the case. Gall, however, has not provided any authority for the proposition that this Court has discretion to remand her case based on the existence of concurrent jurisdiction with the state court. Under 28 U.S.C. § 1447(c), district courts have two bases for granting a motion to remand: (1) a defect in the removal procedure; and (2) lack of subject matter jurisdiction. *See Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223, 1225 (7th Cir. 1991). Gall does not contend either that there was a defect in the removal process or that this Court lacks jurisdiction over the action. In fact, Gall concedes that this Court has concurrent jurisdiction over her case. The mere fact that state courts also have concurrent jurisdiction over her action does not defeat Liberty's right of removal. This Court properly has jurisdiction under 28 U.S.C. § 1331. The plaintiff's motion to remand is denied.

## CONCLUSION

For these reasons, we deny Gall's Motion to Remand. (R. 6-1.)

**ENTERED:**

*[signature]*

Judge Ruben Castillo
United States District Court

**Dated: August 9, 2000**